Name: Terence D Davis
Address: 1490 Golfcrest Pl
Vista, CA 92081
Phone: 714 624 4818
Fax:

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
JAN 23 2023
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY

PAID

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Terence D. Davis

Plaintiff

v.

General Atomics
Owners, Officers, Div/Subs
N/L Blue, Danzig
Charlotte Ann Engstrom

Defendant(s).

CASE NUMBER: 8:23-CV-00132-JWH-(JDEx)

Injunctive Relief emergency
TRO v. GA Conus/Oconus
Writ of Review (Certiorari)??
DHS, SSA, Marshalls protection
FBI Surveillance

(Enter document title in the space provided above)

Petition US District Court Hon. David O Carter injunctive relief (emergency TRO) under Rule 65 against General Atomics CONUS/OCONUS ending 14 days upon the US District's receipt of plaintiff's employee files/records (complete w/ annual Performance Evaluations, documents justifying job performance ratings and explanation of B. Lazerson text messages along with explanation of Plaintiff's reporting federal violation 31 USC 3729 (FCA) as reflected Findings of Fact UI case no. 7242158 Pursuant to Obstruction of justice

Page Number

CV-127 (09/09)        PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

Note: Plaintiff was unlawfully terminated form GA on Feb 9th 2022. GA declined to argue it's position these matters during the appeals hearing (case no. 7242158) Since June 2021 Plaintiff has requested full and complete copies of his employment records/files and to date Mitch Danzig GA's outside legal counsel has both refused and failed to send/transmit the files/records in violation of 1198.5 CA Labor Code which reflects penalties/fines of $750.00 The last purported submission of the aforementioned records and files were requested by Plaintiff's legal counsel Chad Edwards (RSZ) was approximately 3 wks ago, and were received without mention of the complaints, evidence that federal crimes have been committed. Ref: EEOC #488-2020-00830, DIR/DFEH RCI-CWR-861083 State CA Bar Complaint 22-0-08118, UI Case No. 7242158. ALJ R. Soltero Findings of Fact.
Note: After one yr the GA defendant will be allowed to destroy federal crimes evidence (Employee files/records T. Davis) which is a Federal crime - Obstruction of Justice. Time is of the evidence in receiving the plaintiff's full and complete Employee records and files

General Atomics
Corporate Address
3550 General Atomics Court
San Diego, CA 92121-1122

*Defendant Represented by*

Micha (Mitch) Danzig

*Member*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300, San Diego, CA 92130
+1.858.314.1502
MDanzig@mintz.com | Mintz.com

## Equal Employment Opportunity Commission
## San Diego

| | |
|---|---|
| Terence D. Davis<br><br>Plaintiff,<br><br>vs.<br><br>Neal Blue<br>Lindon P. Blue,<br>Charlotte – Ann Engstrom<br>Micha Danzig<br>General Atomics Inc. and it's subsidiaries<br><br>Defendants | **COMPLAINANT'S REBUTTAL TO RESPONDENT'S POSITION STATEMENT**<br><br>Complaint No(s), Court Case No.:<br><br>EEOC Charge of Discrimination, ***488-2020-00830*** original filed Jan 5, 2022, amended to include Unlawful Termination Jun 2, 2022<br><br>Department of Industrial Relations, ***RCI-CM-861023***, filed Dec 30, 2021<br><br>The State Bar of California, ***22-O-08118 Micha Danzig***, filed Jun 22, 2022<br><br>San Diego Office of Appeals, ALJ Rachel Soltero Decision, **Case No. 7242158,** Issue(s) : 1030/32, 1256 |

1. In rebuttal Respondent Position Statement from General Atomics Inc., the law firm of Rosenberg, Shpall, & Zeigen representing the client-plaintiff Terence D. Davis, a former employee General Atomics Inc., and subsidiaries Under Rule 52 hereby demands the US

1

District Court Southern District of California order an immediate temporary restraining order all General Atomics operations, both CONUS and OCONUS pending the completed investigations pursuant Memorandum of Understanding coordination of Civil Rights Enforcement Executive Order 11246.

2. REFER TO; ALJ Rachel Soltero Decision, Case No. 7242158 therein includes sworn testimony and evidence meeting the burden proof that General Atomics is in violation of **Title VII of the Civil Rights Act of 1964** (Title VII) pervasive race and age discrimination and further evidenced in the contemporaneous four (4) year timeline of events filed above EEOC complaint.

3. Whereas General Atomics Inc. has submitted to EEOC a federal agency, a falsified Respondent Position Statement, heretofore establishes criminal violation(s) the drafting, preparation and submission of said document pursuant **Title 18 USC § 1001** all owners, officers, legal representatives, and employees pending arraignment for charges, penalties and fines up to $250,000 and up to five years in prison.

4. Further Respondent General Atomics owner, officers, legal representative and employees are in violation **Title 22, Section 1256-34(a)** with respect to ALJ Rachel Soltero Decision, Case No. 7242158 and in furtherance of violating federal status pursuant **Title VII equal/pay treatment protections** and thus remains in wanton and reckless violation of **CA Labor Code 1198.5** despite multiple official requests from plaintiff, the General Atomics legal representative Mitch Danzig refuses to provide a full copy of the employee files and records. (REFER TO: Court and EEOC complaint evidence/files)

5. General Atomics Position Statement is without merit and in and of itself represents a violation of **California Penal Code 166 PC – Contempt of Court pursuant** ALJ Rachel Soltero Decision, Case No. 7242158 **a misdemeanor,** indicating the owner, officers, legal

representative, and employees are subjects to fines and penalties of up to 6 months in jail

6. This Rebuttal pursuant to:

**CODE OF CIVIL PROCEDURE - CCP**
**PART 3. OF SPECIAL PROCEEDINGS OF A CIVIL NATURE [1063 - 1822.60]**
*(Part 3 enacted 1872.)*
**TITLE 9. ARBITRATION [1280 - 1294.4]**
*(Title 9 repealed and added by Stats. 1961, Ch. 461.)*
***CHAPTER 2. Enforcement of Arbitration Agreements [1281 - 1281.99]***
*(Chapter 2 added by Stats. 1961, Ch. 461.)*
**1281.7.**
A petition pursuant to Section 1281.2 whereas under section 1281.2, a party is permitted to file a motion to request an order directing the parties to arbitrate a controversy.

*(Added by Stats. 1987, Ch. 1080, Sec. 9.)*

7. The Plaintiff, pursuant to the agreement, demands arbitration in a manner consistent with the arbitration agreement. DATED: Jan 2, 2018

                                                        Terence Davis
                                                        *RSZ INFO*
                                                        *INSERTED*
                                                        *HERE*

**Plaintiff's Address:**
1490 Golfcrest Pl
Vista, CA 92081

Original of the forgoing delivered via US Mail on this [                ] to:

    United States District Courthouse
    333 W Broadway
    San Diego, CA 92101

Copy sent via US Mail on this day to:

[Attorney]
/s Micha Danzig

3



# CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD

## SAN DIEGO OFFICE OF APPEALS
3517 Camino Del Rio South, #100
SAN DIEGO CA 92108-4027

(619) 521-3300

| | |
|---|---|
| TERENCE D DAVIS<br>Claimant-Appellant<br><br>GENERAL ATOMIES<br>Account No: 296-7709<br>Employer | Case No. **7242158**<br><br>Issue(s): 1030/32, 1256<br><br>Date Appeal Filed: 03/26/2022<br><br>EDD:  0190   BYB: 02/06/2022 |
| **Date and Place of Hearing(s):**<br>(1) 07/28/2022 | **Parties Appearing:**<br>Claimant |

## DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless appealed within 30 calendar days from the date of mailing shown below. See the attached "Notice to Parties" for further information on how to file an appeal. If you are entitled to benefits and have a question regarding the payment of benefits, call EDD at 1-800-300-5616.

Rachel Soltero, Administrative Law Judge

TERENCE D DAVIS
1490 GOLFCREST PL
VISTA, CA 92081

Date Mailed: JUL 29 2022

Case No.: 7242158                            San Diego Office of Appeals
CLT/PET:  Terence D. Davis                   ALJ: Rachel Soltero
Parties Appearing:  Claimant
Parties Appearing by Written Statement:  None

## REV

### ISSUE STATEMENT

The claimant appealed from a determination disqualifying the claimant for unemployment benefits under Unemployment Insurance Code section 1256. A ruling held the employer's reserve account was not subject to charges under Unemployment Insurance Code sections 1030 and 1032. The issue in this case is whether the claimant was discharged for misconduct connected with the most recent work.

### FINDINGS OF FACT

The claimant last worked as a proposal manager for four years, earning $114,000 annually. He last worked on February 9, 2022 and separated from his employment under the following circumstances.

During the claimant's employment, he discovered a discrepancy in a bid submitted to company which contracted with the U.S. military. In accordance with his legal obligation, the claimant reported the discrepancy to his manager and lead person and recommended an investigation. When his manager and lead person refused to do anything about the discrepancy, the claimant reported the matter to the company's president.

Shortly thereafter, the employer asked the claimant to leave the company. Then, the employer terminated the claimant's employment accusing him of submitting an untimely assignment and failing to work with his manager.

### REASONS FOR DECISION

An individual is disqualified for benefits if he or she has been discharged for misconduct connected with his or her most recent work. (Unemployment Insurance Code, section 1256.)

The employer's reserve account may be relieved of benefit charges if the claimant was discharged for misconduct. (Unemployment Insurance Code, sections 1030 and 1032.)

"Misconduct connected with the work" is a substantial breach by the claimant of an important duty or obligation owed the employer, wilful or wanton in character, and tending to injure the employer. (Precedent Decision P-B-3, citing *Maywood Glass Co. v. Stewart* (1959) 170 Cal.App.2d 719.)

On the other hand, mere inefficiency, unsatisfactory conduct, poor performance as the result of inability or incapacity, isolated instances of ordinary negligence or inadvertence, or good faith errors in judgment or discretion are not misconduct.

The employer has the burden of proving misconduct. (*Prescod v. California Unemployment Insurance Appeals Board* (1976) 57 Cal.App.3d 29.)

In this case, even if the employer's version of the claimant's separation is true, the evidence did not prove that the claimant acted with the requisite of injuring the employer's business interests. Under the employer's version of the facts, the claimant was at most discharged for inefficiency or poor performance. Since inefficiency and poor performance do not constitute misconduct for purposes of the Unemployment Insurance Code, the claimant was discharged for reasons other than misconduct connected with his most recent work. In conclusion, the claimant is not disqualified for benefits under code section 1256 and the employer's reserve account is subject to charges under code sections 1030 and 1032.

DECISION

The department determination and ruling are reversed. The claimant is qualified for benefits under code section 1256. Benefits are payable provided the claimant is otherwise eligible. The employer's reserve account is subject to charges.

SD: RS:  1 / 2

7242158-220510                                                    3